19-2850
Contreras Blanco v. Garland

BIA
Sagerman, IJ
A062 316 109

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

STANLEY GIOVANNI CONTRERAS BLANCO,
AKA STANLEY G. BLANCO,
> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

19-2850
NAC

_____

FOR PETITIONER:
Rohmah A. Javed, Christine D. McClellan, Joseph Moravec, John Peng, Mary Slattery, Prisoners' Legal Services of New York, Albany, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer P. Levings, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Stanley Giovanni Contreras Blanco, a native and citizen of El Salvador, seeks review of a 2019 decision of the BIA affirming an earlier decision of an Immigration Judge ("IJ") denying protection under the Convention Against Torture ("CAT"). *In re Stanley Giovanni Contreras Blanco,* No. A062 316 109 (B.I.A. Aug. 12, 2019), *aff'g* No. A062 316 109 (Immig. Ct. Napanoch Feb. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We have jurisdiction to review the agency's denial of relief under the CAT despite Contreras Blanco's order of removal on criminal grounds. *See Nasrallah v. Barr*,

2

140 S. Ct. 1683, 1694 (2020). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not err in finding that Contreras Blanco failed to establish a likelihood of torture in El Salvador.

To be eligible for CAT relief, an applicant must show that he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c), 1208.17(a), 1208.18(a)(1); *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). The BIA has held that CAT relief "must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible . . . claims." *Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (B.I.A. 2018) (internal quotation marks omitted).

The agency acknowledged that Contreras Blanco was subjected to gang recruitment efforts when he was in school, that various family members were victims of robbery, burglary, extortion, and a disappearance, and that gang violence is a problem in El Salvador; nevertheless, the agency reasonably concluded that Contreras Blanco failed to present

3

evidence, as required, that he is at a particular risk of likely torture. *See* 8 C.F.R. § 1208.16(c) (applicant bears burden to show torture is more likely than not); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that, beyond general country conditions evidence demonstrating incidents of torture in a country, an applicant for CAT relief must provide some evidence "that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)). Indeed, neither Contreras Blanco nor his relatives identified any gang or government entity interested in targeting him or showed that any of the harm that has befallen his relatives was related to any threat posed to him. Although the country conditions evidence supported the view that Salvadoran society stigmatizes deportees and that deportees are easy targets for gang extortion, the evidence does not reflect particular incidents of torture of tattooed deportees, such as Contreras Blanco. Contrary to Contreras Blanco's arguments, the agency's

4

decision shows that it did not ignore evidence that Salvadoran officials kill individuals similarly situated to him, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."), and it considered the threat from potential sources of torture both individually (as to Blanco Contreras) and collectively (as to tattooed deportees).

In sum, Contreras Blanco failed to provide evidence that any source, gang or government, was interested in him in particular or would likely target him for torture. The agency was thus not compelled to conclude that he established a likelihood of torture, and we may not overturn its decision. *See Mu-Xing Wang*, 320 F.3d at 144; *see also Jian Xing Huang*, 421 F.3d at 129.

We do not reach Contreras Blanco's arguments that the agency misapplied the government acquiescence standard and should have concluded that gangs act as the de facto government of El Salvador, because the agency's finding that he failed to show a likelihood of torture is dispositive.

5

*See* 8 C.F.R. §§ 1208.16(c), 1208.17(a); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.[1]

<table>
<tr><td></td><td>FOR THE COURT:</td></tr>
<tr><td></td><td>Catherine O'Hagan Wolfe,</td></tr>
<tr><td></td><td>Clerk of Court</td></tr>
</table>

---

[1] On July 24, 2020, Contreras Blanco moved for a stay pending our review of his petition. 2d Cir. No. 19-2850, Dkt. 63. Initially, the government did not oppose the stay, but it has since moved to withdraw its non-opposition. 2d Cir. No. 19-2850, Dkt. 66, 100. Both the government and Contreras Blanco have moved this Court to expedite our consideration of his application for a stay. Because we now deny Contreras Blanco's petition for review, we also deny these motions as moot.